UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
CARLA B. BOONE,

                    Plaintiff,

       -against-                                03 CV 8661 (GBD)
                                                                     MEMORANDUM OPINION
JOHN D. JACKSON, p/k/a "FABOLOUS,"            AND ORDER
PHARELL L. WILLIAMS, CHARLES E. HUGO,
ELEKTRA ENTERTAINMENT GROUP, INC.,
DESERT STORM RECORDS, INC., EMI APRIL1
MUSIC, INC., EMI BLACKWOOD MUSIC
PUBLISHING, INC., J BRASCO PUBLISHING,
INC., WARNER MUSIC GROUP, INC., and
WEA, INC.,

                    Defendants.
-------------------------------------------------------x
GEORGE B. DANIELS, District Judge;

      Plaintiff brings suit asserting copyright infringement of her song "Holla Back" by defendants' song "Young N." Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 and seek the imposition of sanctions under Fed. R. Civ. P. 11 arguing that plaintiff's infringement action is frivolous and indefensible. For the reasons stated below, defendants' motion for summary judgment is granted. The application for the imposition of sanctions is denied.

## BACKGROUND

      Plaintiff, Carla B. Boone, is a member of Holla' Back Records & Entertainment, LLC and is in the business of producing and recording hip-hop and rap artists. Defendants, John D. Jackson p/k/a "Fabolous," Pharell L. Williams, Charles E. Hugo, Elektra Entertainment Group Inc., Desert Storm Records Inc., EMI April Music Inc., EMI Blackwood Music Publishing Inc.,

J. Brasco Publishing Inc., Warner Music Group Inc., and WEA Inc. (collectively, "defendants"), are various songwriters, recording artists, record producers, and music publishing companies that created, recorded, and sold the song titled "Young N" for rap artist Fabolous.

The history of plaintiff's song, "Holla Back," begins in January 1999, when as a publisher for Holla Back Records, she entered into an exclusive songwriter contract with Trilain A. Smith ("Smith") and Anthony Wells ("Wells"). Under the contract, Wells and Smith, who are professionally known as the rap group Trajik, assigned all rights and interests in their musical composition, "Holla Back," to Boone. Later in 1999, plaintiff released a commercial audio cassette and compact disk of Trajik performing "Holla Back." On March 29, 1999, Boone registered the musical composition with the U.S. Copyright Office. Plaintiff also registered Trajik's commercial release of "Holla Back" as a sound recording with the U.S. Copyright Office on June 9, 2004. [1]

In September 2001, defendants released the compact disc of rap artist Fabolous, titled "Ghetto Fabolous." The album, which featured a song co-written by defendants Fabolous, Willliams, and Hugo titled "Young N," sold over one million copies. Plaintiff maintains that after the release of "Young N," she received numerous calls from individuals congratulating her on the success of the song. She contends that many of these callers mistakenly believed that

---

[1] Although plaintiff asserts the infringement of two separate copyrights, one for the musical composition dated March 29, 1999 and the other for the sound recording dated June 9, 2004, she cannot assert that defendant's song, which was released in 2001, violates a copyright that was registered in 2004. See 17 U.S.C. § 411(a) (1996) ("no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title"); see also Lennon v. Seaman, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000) (noting that copyright registration is a jurisdictional perquisite to filing an infringement action).

Fabolous recorded the copyrighted work written by Trajik.

Plaintiff filed suit on November 3, 2003 claiming that defendants' song "Young N" infringed her copyrighted work in violation of the Copyright Act of 1976, 17 U.S.C. §106 and § 501. Specifically, she asserts that "Young N" features a "hook"[2] containing a repetition of the lyric "holla back" which is similar in phrasing and musicality to her copyrighted work. In support, plaintiff offers her expert witness's testimony for the proposition that the expression "holla back" in the Fabolous recording is similar to the Trajik recording because of (1) its position in the chorus or the hook of each song; (2) the rhythmic construction of the phrase; and (3) the specific nature and quality of the lyric's repetition in the hook.

---

[2] A hook refers to the most identifiable phrase within a popular song, and is usually associated with the title lyrics. It is usually the songs most important single feature.
In this case, the hook of "Young N" is:

> Holla back Young'n (Hoooo Hoooo!)
> Holla back (Hoooo Hoooo!)
> Holla back Young'n (Hoooo Hoooo!)
> Holla back (Hoooo Hoooo!)
> Holla back Young'n (Hoooo Hoooo!)
> Holla back (Hoooo Hoooo!)
> Holla back Young'n (Hoooo Hoooo!)
> Holla back (Hoooo Hoooo!)

The hook of "Holla Back" is:

> Heard a hot track it's,
> Holla Back
> If you built for big stacks it's,
> Holla Back
> If you floss big chains it's,
> Holla Back
> Holla Back Holla Back Where you at? C'mon!
> If you heard a hot track it's,
> Holla Back
> If you floss big chains it's,
> Holla Back
> If you built for big stacks it's,
> Holla Back
> Holla Back Holla Back Where you at? C'mon!

3

Defendants argue that the plaintiff's infringement claims fail because there are no actionable similarities between "Young N" and "Holla Back." In support, defendants offer their expert witness's testimony which concludes that few similarities exist between the two songs to support a copyright infringement claim. Defendants' expert witness found that the only similarities between "Holla Back" and "Young N" are the (1) repeating lyrics, "Holla Back," in a naturally spoken three-note rhythm in the respective choruses and (2) a commonplace syncopated three-note rhythm. Their expert witness concluded that because few similarities exist between the songs, and because the similarities that are present are commonplace within the rap genre, plaintiff's copyright infringement claim lacks merit.

## COPYRIGHT INFRINGEMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Nebraska v. Wyoming, 507 U.S. 584, 590, 113 S. Ct. 1689, 1694, 123 L. Ed. 2d 317 (1993). The burden of demonstrating that no factual dispute exists is on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once the moving party has met this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). In deciding a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment should be granted only when no reasonable trier of fact could find in favor of the nonmoving party. Gallo v. Prudential Residential Services, Ltd.,

22 F.3d 1219, 1224 (2d. Cir. 1994).

In order to establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright and (2) unauthorized copying of the copyrighted work. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003). A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright. See 17 U.S.C. § 410.³

To satisfy the second element of an infringement claim, a plaintiff must show that her work was "actually copied" and that the portion copied amounts to an improper or unlawful appropriation. Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 137 (2d Cir. 1998). Because evidence of actual copying is rare, copying may be established by indirect evidence. See Boisson v. Banian, Ltd., 273 F.3d 262, 267 (2d Cir. 2001). Establishing actual copying circumstantially requires a plaintiff to show that the defendant had access to the copyrighted work and that substantial similarities exist between the defendant's work and the protectable elements of the plaintiff's work. See Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996); see also Knitwaves, Inc., v. Lolltytogs Ltd., 71 F.3d 996, 1002 (2d Cir. 1995). Proof of actual copying may also include weighing expert testimony. See Laureyssens v. Idea Group, Inc., 964 F.2d 131, 140 (2d Cir. 1992). Expert testimony may include "'dissecting' the two works and discussing the works' relationship to other earlier works, for the purpose of illuminating whether similarities between the two works are more likely due to copying or independent creation."

---

³ Plaintiff's expert compared the copyrighted sound recording of "Holla Back," dated June 9, 2004 to defendants' song "Young N" released in 2001. Plaintiff does, however, assert that five similarities exist between her copyrighted musical composition dated March 29, 1999 and defendants' song "Young N," released in 2001.

5

McDonald v. Multimedia Entm't, Inc., 1991 WL 311921, *2 (S.D.N.Y. July 19, 1991).

The plaintiff must show that the copying amounts to an improper or unlawful appropriation by demonstrating that substantial similarities exists between the two works.[4] Laureyssens, 964 F.2d at 140. To establish unlawful appropriation, courts employ the ordinary observer test. Knitwaves, 71 F.3d at 1002. This standard asks whether an "ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960); Knitwaves, 71 F.3d at 1002. Additionally, "when determining 'substantial similarity,' the finder of fact is constrained to look at the work as a whole, without dissection as an ordinary lay observer would." Tienshan, Inc., v. C.C.A. Int'l, Inc., 895 F. Supp 651, 658 (S.D.N.Y. 1995). Where works are compared that contain both protectable and unprotectable elements, examination of the work must be more discerning; unprotectable elements must be extracted from consideration to determine if the protectable elements standing alone, are substantially similar. Knitwaves, 71 F.3d at 1002. If points of dissimilarity between two works exceed those that are similar, a finding of no infringement is appropriate. See Rogers v. Koons, 960 F.2d 301, 308 (2d Cir. 1992). Once a plaintiff successfully makes a prima facie showing of copyright infringement, evidence of independent creation is an affirmative defense and may be introduced to rebut the claim. Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997); Tienshan, 895 F. Supp. at 657.

---

[4] Copyright infringement claims involve consideration of similarity at two different stages of the analysis–actual copying and improper appropriation. The Second Circuit has noted that the term "probative similarity" should be used when referring to the initial burden of proving copying by establishing access and/or similarities. See Repp v. Webber, 132 F.3d 882, 889 FN 1 (2d Cir. 1997).

Because the defendant concedes a showing of access for purposes of summary judgment, the critical issue in this case is whether substantial similarities exist between the two works as a matter of law. Plaintiff primarily argues that the verbal utterances of "holla back" in the hook of the Trajik and Fabolous songs are identical in construction because they are rapped in the same rhythmic pattern. Plaintiff also contends that "Holla Back" and "Young N" share similarities because the phrase "holla back" is followed by a repeated vocal response in each hook such as "back back" in the Trajik song and "young n woo woo" in the Fabolous song.

These arguments are unpersuasive. A comparison of the two works reveals that substantial similarities do not exist between the hook in the plaintiff's song and the hook in the defendant's song to support an inference of copying. Although "Holla Back" as a complete work is protected, not every element of the song is protectable per se. See Rogers v. Koons, 960 F.2d 301, 307 (2d Cir. 1992). The presence of the phrase "holla back," rapped in an eighth note, eighth note, quarter note rhythmic pattern in the hook of each song is too common to be protectable. See Stratchborneo v. ARC Music Corp., 357 F. Supp. 1393, 1405 (S.D.N.Y. 1973) (holding that substantial similarity will not be found if only a small, common phrase appears in both the accused and complaining work; unless the reappearing phrase is especially unique or qualitatively important). Evidence proffered by the defendant noting the presence of the phrase "holla back" in numerous songs demonstrates the banal and therefore unprotectable nature of the phrase. See Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140, 144 (2d Cir. 1998) (holding that prior usage of the phrase 'you've got to stand for something or you'll fall for anything' is sufficiently widespread and common to deny copyright protection).

Defendant's exhibit indicates that out of thirty-two songs found which contain the phrase

7

"holla back," nine songs repeat "holla back" in the same rhythmic pattern used in "Holla Back" and "Young N," four songs predate the release of plaintiff's song, and five songs were released in the same year as plaintiff's song. The appearance of the phrase "holla back" in the Urban Dictionary further supports defendant's contention that the phrase is common and therefore unprotectable.[5] See Exhibit 6. Finally, plaintiff's expert's own admission that the phrase "holla back" rapped in an eighth note, eighth note, quarter note pattern is neither original nor unique undercuts a finding of substantial similarity.[6] It is black letter law that common phrases such as "Holla Back" are not protectable. See Jean v. Bug Music, 2002 WL 28776, *6 (S.D.N.Y. Feb. 27, 2002) (holding that a reasonable jury could only conclude that the lyrical phrase 'clap your hands now, people clap now' is not protectable by copyright law because it is a common phrase that often appears in church and secular music). Thus, where a comparison of the two works at issue show that the similarities relate only to non-copyrightable elements, as is the case here, courts have consistently held that summary judgment in favor of the defendant is appropriate. See Ring v. Estee Lauder Inc., 874 F.2d 109, 110 (2d Cir 1989); See also Levine v. McDonald, 735 F. Supp 92, 96 (S.D.N.Y. 1990).

Even if evidence of copying could be found, the plaintiff fails to satisfy the unlawful appropriation prong of the infringement test. Under the ordinary observer test, it is unlikely that

---

[5] As cited in the defendant's exhibit 6, the Urban Dictionary is an online dictionary which allows users to create and submit definitions of slang words and phrases for publication "Holla back" is defined as a "term [that] can be used as a goodbye greeting or when ending a conversation or at the end of trying to prove a point." See http://www.urbandictionary.com/define.php?term=holla+back&f=1.

[6] When plaintiff's expert was asked by the defendant's attorney whether "the writer of the plaintiff's song created the rhythmic pattern of saying the word [holla back] in an eighth note, eighth note, quarter note pattern," the expert replied that: "I'm not contending that." Ramsey Depo., 14: 9-14. He also stated that: "...In my view, the rhythmic utterance [holla back] itself...could not be claimed as original." Ramsey Depo., 14:18-20.

an ordinary observer would regard plaintiff's song "Holla Back" and defendant's song "Young N" as aesthetically similar given their greater obvious differences. The two songs do not sound alike. This point becomes even more apparent when applying the heightened discerning observer test, as is required here, since plaintiff's work contains the unprotectable phrase "holla back" in combination with other protectable elements. Under this standard, aside from the common repetition of the phrase "holla back" in the hook of each song, the defendant's work taken as a whole, sounds quite different from plaintiff's copyrighted work.

Careful review of both "Holla Back" and "Young N" indicates that the songs differ in background instrumentation and lyrical content. Defendant's expert points out that the organ and "cuckoo" sounds heard in "Holla Back" are absent in "Young N."[7] He also maintains that the synthesized flute heard in "Young N" is not present in "Holla Back."[8] Although plaintiff's expert initially disputed these differences, when deposed he conceded that the same background instruments are not used in "Young N" and "Holla Back."[9] Another difference between "Holla Back" and "Young N" resides in the lyrics. Aside from the hook containing the common and unprotectable phrase "holla back," it is undisputed that the verses of each song share no similarities. Thus, where points of dissimilarity between two works exceed those that are

---

[7] See Ferrara Rebuttal Report, p.24, claim 53 ("the organ and cuckoo mentioned in [plaintiff's expert report about] 'Holla Back' are not in 'Young N'...").

[8] See Ferrara Rebuttal Report, p. 24, claim 53 ("...the synthesized flute in 'Young N' is not in 'Holla Back'").

[9] In plaintiff's expert report dated March 29, 2004, he asserts that: "In addition to a basic drumbeat in each [song], the instrumentation for each track is quite similar." Ramsey Expert Report, p.3, paragraph 2. However, when plaintiff's expert was asked during his deposition by the defendant's attorney: "There's not an identical lineup of instruments that are used in the Trajik song versus the Fabolous song, correct?" He replied: "Correct." See Ramsey Depo.,134:21-24; 135:19-25; 136:2-12.

9

similar, as is the case here, a finding of no infringement is appropriate. See <u>Rogers</u>, 960 F.2d at 308.

## **RULE 11 SANCTIONS**

Defendants have moved for sanctions pursuant to Fed. R. Civ. P. 11. They seek attorneys' fees and costs from plaintiff's counsel, arguing that counsel, before pursuing this action, should have recognized that it was meritless after conducting a reasonable investigation. A pleading, motion or other paper violates Rule 11 either when it "has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law. . . ." <u>W.K. Webster & Co. v. American President Lines, Ltd.</u>, 32 F.3d 665, 670 (2d Cir.1994) (internal citations and quotations omitted). Sanctions should only be imposed "where it is patently clear that a claim has absolutely no chance of success." <u>Healey v. Chelsea Res., Ltd.</u>, 947 F.2d 611, 626 (2d Cir.1991)(internal quotations and citation omitted).

In determining whether a Rule 11 violation has occurred, the court should use an objective standard of reasonableness. See <u>MacDraw, Inc. v. CIT Group Equip. Fin., Inc.</u>, 73 F.3d 1253, 1257-58 (2d Cir.1992)(internal citation omitted). Whether the attorney's conduct was reasonable should be determined without the benefit of hindsight, based on what was objectively reasonable to believe at the time the pleading, motion or other paper was submitted. See <u>Kamen v. AT & T</u>, 791 F.2d 1006, 1011-12 (2d Cir.1986). "Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the

law; or whether he depended on forwarding counsel or another member of the bar." Id. at 1012. In addition, attorneys are entitled to rely on the objectively reasonable representations of their clients. See Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329-30 (2d Cir.1995). All doubts must be resolved in favor of the signer of the pleading. See Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir.1993)(internal quotations and citations omitted).

The Supreme Court has cautioned that Rule 11 "must be read in light of concerns that it will ... chill vigorous advocacy." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); see also MacDraw, Inc., 73 F.3d at 1259. "[J]udges should always reflect seriously upon the nuances of the particular case, and the implications the case has on the nature of the legal representation, before imposing sanctions." Thompson v. Duke, 940 F.2d 192, 195 (7th Cir.1991).

The record does not support a finding that this case was interposed for any improper purpose or that there was no reasonable basis for plaintiff's counsel to believe that plaintiff's allegations were grounded in fact when counsel filed the complaint. Defendants' Rule 11 motion is denied

## CONCLUSION

There are significant and sufficient differences in plaintiff's and defendants' songs to preclude a finding of copyright infringement. Defendants' motion for summary judgment is granted and defendants' motion for sanctions is denied.

Dated: New York, New York
June 30, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge